UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ZEMIRA SAKANOVIC,

                          Plaintiff,

    v.                                           6:22-CV-359 (MAD/ATB)

LINDA MISHALANIE, et al.,

                          Defendants.

---

ZEMIRA SAKANOVIC, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff Zemira Sakanovic. (Dkt. Nos. 1, 3). Plaintiff has also filed a motion to seal[1] the exhibits attached to the filed complaint. (Dkt. No. 2).

### I.   IFP Application

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 3). After reviewing her application, this court finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious;

---

[1] The Clerk filed the exhibits under seal, pending this court's order on plaintiff's motion.

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. **Complaint**

Plaintiff is suing her former employer, Utica National, and several supervisor-employees of Utica National for, among other things, employment discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff has attached to the complaint a detailed explanation of her allegations, and the court refers to these submissions for additional facts regarding her allegations. (Dkt. No. 1-1). Plaintiff has also attached the right-to-sue letter which she received from the Equal Employment Opportunity Commission ("EEOC"). (Complaint ("Compl.") at CM/ECF 7–10) (Dkt. No. 1).

To the extent plaintiff names Linda Mishalanie, Linda Madore, and Lindsay Mondia as defendants in her complaint, such claims must be dismissed because, as individuals, they are not subject to individual liability under any of the federal causes of action potentially relevant to plaintiff's allegations. *See Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61–62 (2d Cir. 2016) ("Title VII does not provide for individual liability."); *see also Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (holding that the retaliation provision of the ADA does not provide for individual liability);[2] *Caesar v. Riverbay Corp.*, No. 15-CV-8911, 2017 WL 6887597,

---

[2] Although the Second Circuit has held that there is no individual liability under the ADA's retaliation provision, it has not directly reached the question with respect to the ADA's other provisions. Nonetheless, courts in this district, including this court, have determined that the ADA's other provisions likewise do not provide for individual liability. *See Gandhi v. NYS Unified Ct. Sys.*, No. 1:20-CV-120 (LEK/DJS), 2020 WL 1169355, at *3 (N.D.N.Y. Mar. 11, 2020), *report and recommendation adopted*, 2020 WL 2124140 (N.D.N.Y. May 5, 2020) ("[I]ndividuals are not subject to liability under Title I of the ADA."); *Arcuri v. Schoch*, No. 6:15-CV-0798, 2015 WL 5652336, at *5 (N.D.N.Y. Sept. 24, 2015) ("[M]any district courts in this circuit, as well as other circuit courts, have held that individual defendants may not be held personally liable for alleged violations of Title I of the ADA."); *Murray v. Tanea*, 357 F. Supp. 3d 226, 230 (W.D.N.Y. 2019) ("Many cases . . . have held that individuals cannot be held personally liable for damages under the ADA, regardless of which title of the ADA is at issue.").

3

at *4 n.7 (S.D.N.Y. Dec. 27, 2017) (holding that Title VII, the ADEA, and the ADA do not provide for individual liability); *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (stating that there is no individual liability under the ADA (collecting cases)). Thus, it is recommended that plaintiff's claims against the individual defendants be dismissed with prejudice for failure to state a claim.

To the extent plaintiff has named her former employer, Utica National, as a defendant, the court finds that plaintiff's submissions are sufficient for this court to order service of the complaint on this defendant, and recommends the same.[3]

### III. Motion to Seal

#### A. Legal Standards

There is a general presumption in favor of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "Judicial documents" are documents that a court "relies on to perform its Article III duties and substantively adjudicate a matter." *Winfield v. City of New York*, No. 15-CV-5236, 2017 WL 2880556, at *3 (S.D.N.Y. July 5, 2017) (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1048-50 (2d Cir. 1995); *Lugosch*, 435 F.3d at 119 (2d Cir. 2006)). The "presumption of access" is secured by the First Amendment and the common law. *Lugosch*, 435 F.3d at 121. The party seeking to seal judicial documents bears the burden of overcoming the presumption of public access. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, Nos. 6:12-CV-196, 6:12-CV-743 (BKS/ATB), 2017 WL 1653608, at *2 (N.D.N.Y. Apr. 26,

---

[3]In making this recommendation, the court expresses no opinion as to whether plaintiff's claims against Utica National can withstand a properly filed dispositive motion.

2017)).

Under the common law presumption of access, "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The court must balance the document's "role in the performance of Article III duties" against "the competing considerations such as the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossman* LLP, 814 F.3d 132, 142 (2d Cir. 2016). Under this First Amendment framework, "sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id.*

**B.   Application**

In this case, plaintiff has moved to seal the exhibits to her complaint because they contain her "medical records, other people['s] names, polic[y] numbers, and other information[ ];" access to which she would "not like for the public to have." (Dkt. No. 2). A complaint is a judicial document, subject to the presumption of access. *Bernstein*, 814 F.3d at 139.

Plaintiff has not established a sufficient basis for sealing the exhibits attached to

her complaint. Plaintiff provides no specifics for the basis of her request, nor does she indicate how sealing these exhibits would preserve the "higher values" of the First Amendment. Thus, the court must deny plaintiff's motion to seal. However, the court is more concerned with medical information that might be contained in the papers filed in this action. While this will not suffice to order sealing these documents, the court may restrict access to parties and public terminal users as is done is cases which could contain sensitive information. Thus, although the court will deny the motion to seal, the court will order restricted access to the file.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 3) is **GRANTED**,[4] and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITH PREJUDICE** as to **DEFENDANTS LINDA MISHALANIE, LINDA MADORE, and LINDSAY MONDIA**, and it is

**RECOMMENDED**, that if the court adopts this recommendation, the complaint be returned to me for orders relating to service on **DEFENDANT UTICA NATIONAL**, and it is

**ORDERED**, that plaintiff's motion to seal (Dkt. No. 2) is **DENIED**, and the Clerk is directed to **unseal Docket Numbers 1-1 and 1-2**, however, the Clerk is further directed to restrict access to this case to parties and public terminal users.

---

[4] The court notes that although plaintiff's application to proceed IFP has been granted, plaintiff will still be required to pay fees that she may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 25, 2022

_____
Andrew T. Baxter
U.S. Magistrate Judge