**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ZEMIRA SAKANOVIC,

                                    **Plaintiff,**

        vs.                                                          **6:22-CV-00359**
                                                                        **(MAD/ATB)**

**LINDA MISHALANIE,** *Premium Audit Supervisor,*
*Utica National*; **LINDA MADORE,** *Utica National*
*Human Resources Manager*; **LINDSAY MONDIA,**
*Utica National*; **and UTICA NATIONAL,**

                                    **Defendants.**

---

APPEARANCES:                                    OF COUNSEL:

**ZEMIRA SAKANOVIC**
107 Dickinson Street
Utica, NY 13501
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

*Pro se* Plaintiff Zemira Sakanovic commenced this action on April 18, 2022, alleging

discrimination based on race or color, religion, national origin, and disability in violation of Title

VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991 by Defendant

Utica National, as well as three of its employees, Defendants Linda Mishalanie, Linda Madore,

and Lindsay Mondia ("Individual Defendants").  *See* Dkt. No. 1.  On the same day, Plaintiff

moved to seal the exhibits to the complaint, *see* Dkt. No. 2, and for leave to proceed *in forma*

*pauperis* ("IFP").  *See* Dkt. No. 3.

        Magistrate Judge Andrew T. Baxter issued a Report-Recommendation and Order on April

25, 2022, recommending that Plaintiff's motion to proceed IFP be granted, that the complaint be

dismissed with prejudice as against individual Defendants, and that Plaintiff's motion to seal be

denied.  *See* Dkt. No. 6.  Magistrate Judge Baxter directed the Clerk to unseal Docket Numbers 1-

1 and 1-2, and to restrict access to the docket.  *See id.* at 6.  On April 26, 2022, Plaintiff moved to

have counsel appointed by the Court.  *See* Dkt. No. 7.  On May 9, 2022, Plaintiff filed what is

listed in the docket as an objection to Magistrate Judge Baxter's Report-Recommendation and

Order.  *See* Dkt. No. 8.  On May 13, 2022, Plaintiff demanded a trial by jury.  *See* Dkt. No. 9 at 1.

While this case's docket contains a document listed as an "objection," that document

simply contains Plaintiff's responses to portions of Magistrate Judge Baxter's Report-

Recommendation and Order rather than any objections.  *See*, *e.g.*, Dkt. No. 8 at 1 ("I understand

you finding me eligible for IFP status").  As such, Plaintiff did not file an objection to the Report-

Recommendation and Order.  When a party declines to file an objection, the court reviews a

recommendation for clear error.  *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y.

2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part,

the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).

Because Plaintiff has not filed an objection, the Court will review the recommendation for clear

error.

The Court agrees with Magistrate Judge Baxter's recommendation that Plaintiff's claims

against individuals must be dismissed with prejudice as individuals are not liable under the

relevant statutes, including Title VII, the Civil Rights Act of 1991, and the Americans with

Disabilities Act ("ADA").  *See Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 Fed.

Appx. 60, 62 (2d Cir. 2016) ("Title VII does not provide for individual liability"); *Gandhi v. NYS*

*Unified Ct. Sys.*, No. 1:20-CV-120, 2020 WL 1169355, *3 (N.D.N.Y. Mar. 11, 2020), *report and*

*recommendation adopted*, 2020 WL 2124140 (N.D.N.Y. May 5, 2020) ("[I]ndividuals are not

subject to liability under Title I of the ADA"); *Arcuri v. Schoch*, No. 6:15-CV-0798, 2015 WL 5652336, *5 (N.D.N.Y. Sept. 24, 2015) ("[M]any district courts in this circuit, as well as other circuit courts, have held that individual defendants may not be held personally liable for alleged violations of Title I of the ADA").

Magistrate Judge Baxter correctly determined that Plaintiff's motion to seal exhibits, *see* Dkt. Nos. 1-1, 1-2, 1-3, to Plaintiff's complaint should be denied. *See* Dkt. No. 6 at 5-6. The Court conducts a balancing of First Amendment values of access to Article III judicial documents against privacy interests. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141-42 (2d Cir. 2016). Plaintiff's motion to seal was not narrowly tailored to protect private information contained in the exhibits. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 126 (2d Cir. 2006). The Court finds that Magistrate Judge Baxter correctly suggested that restricting access to the docket more adequately protects Plaintiff's private medical information underlying her claims while still respecting the values of the First Amendment. *See* Dkt. No. 6 at 6.

On May 13, 2022, Plaintiff filed a demand for a trial by jury. *See* Dkt. No. 9. The deadline for filing a demand for a trial by jury is "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). 519, 520 (1972)). Since Defendants have not yet answered the complaint, Plaintiff's request is timely. *See Bennett v. Dawes*, No. 9:17-cv-150, 2017 WL 2399014, *2 (N.D.N.Y. June 2, 2017).

After the Report-Recommendation and Order was issued, Plaintiff filed a motion seeking the appointment of counsel. *See* Dkt. No. 7. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine

whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  Of these criteria, the most important is the merits, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1911 WL 177271, *1 (S.D.N.Y Sept. 3. 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).  While indigents do not have to demonstrate that they can win their cases without the aid of counsel, they do have to show likely merit.  *See id.*

This action was only recently commenced.  Defendants have not been served or responded to the allegations in the amended complaint, and the only facts upon which the Court may base its decision as to whether the lawsuit is of substance are the portions of Plaintiff's complaint wherein she states the facts surrounding her claims.  Moreover, Plaintiff's complaint demonstrates that she is able to present her case and the legal issues involved in this matter are not overly complex. Accordingly, at this time, Plaintiff's request for the appointment of counsel is denied without prejudice.

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Defendants Mishalanie, Madore, and Mondia are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's motion to appoint counsel (Dkt. No. 7) is **DENIED without prejudice**; and the Court further

4

**ORDERS** that Plaintiff's motion for trial by jury (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall return the complaint to Magistrate Judge Baxter for service of the complaint.

**IT IS SO ORDERED.**

Dated:  October 12, 2022
        Albany, New York

Mae A. D'Agostino
U.S. District Judge